Thank you. Good morning, Your Honor. My name is Christopher Brown. I'm the counsel for the appellee, Doreen Brooks, and it's an honor to be in the Thurgood Marshall Courthouse today as a former resident of the Bronx that grew up in the Sonoma area housing development. This is a special moment for me. Today, the appellee seeks affirmation of the district court's order awarding legal fees pursuant to the Copyright Act. The award of $44,496.05 and within the essential goals of the Copyright Act. That was for legal fees? Yes, Your Honor. Perhaps that's part of the explanation of why they are submitting rather than appearing. The Second Circuit reviews legal fee awards in copyright cases for abuse of discretion. The Circuit affords district courts considerable discretion in determining what constitutes reasonable legal fees and is mindful of the district court's superior understanding of factual and legal matters. While there is no precise formula, district courts may consider several non-exclusive factors which include frivolousness, motivation, and the objective unreasonableness both in the factual and legal components of the case. And lastly, the need in particular circumstances to advance considerations of compensation and deterrence. Now, in this case, the Honorable Judge Rakoff was very familiar with the parties and the facts across two different copyright matters, both of which led to judgments on behalf of Ms. Brooks. Some of the most important factors and being the clear fact that this litigation was a revenge lawsuit. Two, the plaintiff's improper pleading, naming the wrong book throughout the entire litigation and the summary judgment process. Three, the appellant's admission that she never provided Ms. Brooks with the photograph at issue. Four, the plaintiff's clear understanding that no damages would ever be awarded to them in this matter. Next, the plaintiff's fraudulent copyright application, which contained a falsified publication date. And six, the history of the copyright infringement on behalf of Poppington LLC in this circuit. Now, first, in regards to this being a revenge lawsuit, Ms. Brooks won a $300,000 judgment in 19-1944, a JSR, in April 2020 against Damond Dash and Poppington LLC. Now, Damond Dash and Raquel Horn are the owners of Poppington LLC. Within days of that particular verdict, Horn copyrighted a photograph from the film depicting a lead character, Chandra Davis. Horn did nothing with the photograph between the time that this film was shot in 2015 and April 2020. The court inferred that the motive was clear. Horn and her boyfriend, Damond Dash, the owners of Poppington, wanted a pound of flesh from Ms. Brooks. Some get back in regards to her $300,000 victory. Their desire for revenge was stronger than the appellant's application of the law. It is impossible for Horn to establish priority over Brooks. As Brooks used... Her argument is that the district court shouldn't have considered conduct in the case. This is an incorrect assertion. Now, the court had every right to look at any motivation associated with the filing of this litigation. And if that motivation is revenge, if that motivation is a pound of flesh, the court had every right to consider that motivation. That's not just limited to the actions in this particular lawsuit. Next, let's talk about the improper pleading. Horn actually sued on her own book. The book that she sued upon was Mafietta, Rise of a Female Boss. And she claimed that that infringed on her photograph. But that book was actually published before Brooks and Horn ever met. Now, Horn intended to sue Brooks for the cover of the book, Mafietta, the trilogy. But she never did that. And she never amended the complaint. Horn's failure to undertake basic due diligence indicates a lack of factual objectiveness throughout the summary judgment process. Horn could have never proven copyright infringement for the book identified in the complaint. It never would have happened. For this reason, the court concluded that a dismissal would have been proper on the grounds of an improper pleading. But the court decided to hear the case on the merits and still concluded in a found judgment on behalf of Brooks. Next, in regards to the actual claim, the photograph at issue, the plaintiff would have some kind of access in order to sustain her copyright claim. The plaintiff presented no facts supporting that she actually gave Ms. Brooks the photograph. In fact, she testified at her deposition that she never gave any of the photographs at issue to Brooks. Brooks didn't need them. She had her film footage. She didn't need anything that Ms. Horn could have ever This too, the actual lack of factual and legal objectiveness indicates that this award should be affirmed. Next, in regards to damages, now obviously damages is a critical aspect of any claim. In this matter, the plaintiff never even attempted to prove damages. When they were faced with a summary judgment argument indicating the lack of their response, the court noted in the summary judgment decision that the plaintiff simply ignored the argument. They didn't even respond to the fact that they didn't elicit not one shred of evidence to prove actual damages. This again shows the lack of factual and legal objectiveness associated with the claim that was The photograph that was contained in the application actually contained a fraudulent date of January 1, 2016. At deposition when Ms. Horn was asked to identify when this particular photograph was published, she had no memory at all of ever publishing this particular photograph. When faced with summary judgment, all of a sudden she submits an affidavit in which she claims she published it on Instagram. Obviously Judge Rakoff dealt with the matter and struck the affidavit as a sham, further showing another lack of factual and legal objectiveness on behalf of the appellant in this matter. Now let's turn lastly to the history of the parties here and the need for deterrence and compensation. Poppington is an entity that's owned by Damon Dash and Raquel Horn. Just in this circuit alone, and I actually handled all three of these matters, in the initial Brooks matter, there was a judgment against Damon Dash and Poppington LLC for $300,000. In a subsequent action that I handled, Weber versus Damon Dash and Poppington LLC, that too resulted in an award of $705,000 and a legal fees award of $117,000 in that case. Now here we are again. Now it's Poppington and Ms. Horn again putting forth claims that are dishonest and unreasonable legal positions. And here we have yet another award. There is absolutely no doubt that Judge Rakoff acted swiftly and correctly in awarding legal fees in this action. Thank you, Your Honor. All right, thank you, Mr. Brown. Mr. Brown, welcome to the court. Thank you.